# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) **Case No. CR-04-71-P** |
| DARREL L. HICKS, | ) ) ) |
| *Defendant*. | ) |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Indictment in the above-entitled case, the United States sought forfeiture to the United States of America of certain personal property described in Count Three of the Indictment, pursuant to Title 18, United States Code, Section 2253.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

As the result of the defendant's plea of Guilty to Counts Two and Three of the Information, this Court sentenced the defendant in open court on December 10, 2004, and as a part of said sentence, this Court ordered that the defendant shall forfeit to the United States:

1. **A Computer System consisting of:**
   A. COMPUTER COMPONENTS;
   B. STORAGE MEDIA, INCLUDING AT LEAST 2,149 3.5-INCH DISKS; and
2. **Various Books, Video-cassettes and Loose-leaf Notebooks**.

Upon the entry of this Order, the United States is authorized to seize the property listed above which is subject to forfeiture, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant.

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

Dated this 6th day of March, 2006.

_____
THE HONORABLE JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

SHELDON J. SPERLING
United States Attorney

_____
LINDA A. EPPERLEY, OBA#12057
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
(918) 684-5100

3